
## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| C.W. HOLDINGS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM HEALTHCARE DEVELOPMENT, INC. dba GUAM REGIONAL MEDICAL CITY,<br><br>Defendant. | CIVIL CASE NO. CV0535-23<br><br>**DECISION AND ORDER GRANTING RULE 12(B)(6) MOTION TO DISMISS AFFIRMATIVE DEFENSES, GRANTING RULE 12(F) MOTION TO STRIKE, AND GRANTING IN PART RULE 15(A) MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on May 14th, 2024, for a Motion Hearing on C.W. Holdings LLC's ("Plaintiff's") Motion to Dismiss Guam Healthcare Development, Inc.'s ("Defendant's") Affirmative Defenses. Jacques Bronze ("Bronze") appeared for Plaintiff. Joyce Tang ("Tang") appeared for Defendant. Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Plaintiff's Motion to Dismiss, **GRANTING** Plaintiff's Motion to Strike, and **GRANTING IN PART** Plaintiff's Request to Amend.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed their Complaint on August 30, 2023, alleging breach of contract, anticipatory repudiation, quantum meruit, and account stated. Compl. (Aug. 30, 2023). Defendant filed their Answer along with twelve affirmative defenses and five counterclaims on September 28, 2023. Guam Healthcare Dev., Inc.'s Answer to Compl. (Sept. 28, 2023). In response, on October 17, 2023, Plaintiff filed their Motion to Dismiss Affirmative Defenses and an Alternative Motion to

Strike. Pl.'s Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. (Oct. 17, 2023). Several months later, on November 9, 2023, this case was reassigned to this Court. Notice of J. Assignment (Nov. 9, 2023). On November 20, 2023, Defendant filed their Opposition to the Plaintiff's Motion to Dismiss. GDHI's Opp'n to CW Holding LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. (Nov. 20, 2023). On December 7, 2023, Plaintiff filed their Reply. Pl.'s Reply in Supp. of Mot. to Dismiss & Strike Affirmative Defs. (Dec. 7, 2023).

The relevant facts regarding the Motion to Dismiss are as follows:

1. As of June 10, 2021, Plaintiff (as "Landlord") and Defendant (as "Tenant") entered into a Development and Lease Agreement (the "Lease"). Pl.'s Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 4 (Oct. 17, 2023).

2. The Lease was summarized for recordation in a Memorandum of Lease that was filed with the Department of Land Management on October 22, 2021. *Id.*

3. Pursuant to the Lease, Tenant agreed to lease from Landlord the entire second and third floors of the Medical Arts Center building to be constructed on the real property located at 135 Cabot Drive, Dedeo, Guam (the "Premises"). *Id.*

4. The Lease provides for an initial term of 30 years commencing on the "Lease Commencement Date," which is defined as the third business day after the later to occur of "(i) the Premises Completion Date; or (ii) the date Landlord tenders actual vacant possession of the Premises to Tenant, broom clean and freed of all Hazardous Materials, Environmental Conditions and occupants, and in compliance with all applicable Laws and this Lease." *Id.* at 4-5.

5. On December 21, 2021, Landlord and Tenant entered into the First Amendment to the Development and Lease Agreement (the "First Amendment"). *Id.* at 5. The First Amendment modified Section 3.7(a) of the Lease, only slightly, to read in its entirety as follows:

> "In addition to the Security Deposit, as a condition to Landlord delivering vacant possession of the Premises to tenant in the condition required under this Lease, within five (5) Business Days of the Financing Closing Date, Tenant shall pay to Landlord the sum of Two Million Seventy-Eight Thousand Three Hundred and Twenty Dollars and 50/100 ($2,078,320.50), representing the aggregate sum of eighteen (18) months of Base Rent (the "Prepaid Rent"), which Prepaid Rent shall be applied by Landlord to monthly installment of Base Rent in accordance herewith." *Id.*

6. The term "Financing Closing Date" is defined in the Lease to mean "the date on which the closing of the Monetization Transaction occurs, but in no event more than six (6) months from the Effective Date of this Lease," which was June 10, 2021. *Id.*

7. Landlord alleges that the Department of Public Works issued a Certificate of Occupancy for the Premises on January 31, 2022, and that Landlord delivered a copy and other supporting documents to tenant on that date. *Id.* Landlord further alleges that they turned over the keys, access, custody, and control of the Premises to Tenant on February 1, 2022, thereby triggering Tenant's obligations under the Lease, including to pay rent, as of that date and to continue at least for the 30-year initial term. *Id.* at 5-6.

8. Landlord alleges that Tenant has breached the Lease by failing to pay base rent, additional rent, prepaid rent, common area fees and utilities, default interest, and other charges and fees due under the Lease and otherwise. *Id.* at 6.

9.  On August 30, 2023, Landlord filed this action against Tenant to recover the amounts due under the Lease and otherwise. On September 28, 2023, Tenant filed their Answer, twelve Affirmative Defenses, and five counterclaims against Landlord. *Id.*

10. Tenant counterclaimed for Breach of Contract, Restitution, Accounting, Attorney's Fees and Costs, and Payment Under Promissory Note. Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 9-25 (Sept. 28, 2023). The Tenant's twelve Affirmative Defenses include Failure to Mitigate Damages, Unjust Enrichment, Waiver, Estoppel, Laches, Lack of Consideration, Failure of Condition Precedent, Payment Off-Set, and Statute of Fraud. *Id.* at 6-8.

## II.  LAW AND DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

Under Guam Rule of Civil Procedure 12(f), the Court may strike any matter that contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Guam Rule of Civil Procedure 12(f) is identical to Federal Rule of Civil Procedure 12(f); therefore, the Court can look to the federal rule for additional guidance. *Hallers v. Young*, CV0299-19, at 3 (Super. Ct. Guam Sept. 3, 2019); *Benavente v Taitano*, 2006 Guam 15 ¶ 48. A Rule 12(f) motion

aims to "avoid unnecessary expenditures of time and money that arise throughout litigation by eliminating spurious issues prior to trial." *Ukau v. Wang,* 2012 WL 1503325, at * 1—2 (D. Guam). However, Rule 12(f) motions are "disfavored and infrequently granted...unless it is clear that the matter to be stricken would have no possible bearing on the subject matter of the litigation." *Id.* (internal quotes omitted).

### A. Do the Defendant's Three Counterclaims Fail to State a Claim Upon Which Relief Can Be Granted?

The Court answers this question in the affirmative. Pursuant to 7 GCA § 1114, "[a] civil action is prosecuted by one party against another for the enforcement or protection of a *right*, or the redress or prevention of a *wrong...*" 7 GCA § 1114 (2005) (emphasis added). "A civil action arises out of either an obligation or an injury." 7 GCA § 1108 (2005). "An obligation is a legal duty by which one person is bound to do a certain thing and arises from contract or by operation of law." 7 GCA § 1109 (2005). "An injury is either an injury to the person or the property." 7 GCA § 1110(a) (2005). Under Rule 8(a)(1) of the Guam Rules of Civil Procedure, the Plaintiff is required to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends," within the complaint. Thus, reading the statutes above in conjunction with Rule 8, in order to meet the standard of Rule 8(a) for any given cause of action, a complaint must state both: (1) a "claim" i.e., an allegation that a party has wronged the plaintiff or has violated the plaintiff's rights; and (2) a request for relief, i.e., an allegation that the plaintiff is entitled to a certain type of remedy.

### i. Restitution (Count II) is a Remedy, Not a Claim

In their Motion to Dismiss, Plaintiff argues that Defendant's Restitution counterclaim is not a claim at all, but a remedy. Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K,

Anticip. Repudiation, Quantum Meruit & Account Stated at 22-23 (Sept. 28, 2023). Plaintiff points out that restitution is one of several remedies available for a breach of contract, not a separate theory of recovery and that according to the Guam Supreme Court, "where a party breaches a valid contract, damages are awarded in order to protect one or more of the three separate interests held by the non-breaching party: (i) an expectancy interest; (ii) a reliance interest; and (iii) a restitution interest." Pl.'s Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. At 6-7 (Oct. 17, 2023), citing *Unified Interest v. PacAir Props.*, 2017 Guam 9 at 55. In their Opposition, Defendant's seemingly agree that restitution is a remedy, not a claim, and confirm that restitution is a type of compensatory damages. GHDI's Opp'n to CW Holdings LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 2-3 (Nov. 20, 2023), citing *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295-96 (9th Cir. 1983) ("A party injured by a breach of a contract may recover both restitution and reliance damages.") However, in order to maintain a cause of action, Defendant must specifically allege that there has been a violation of a right, misconduct or wrongdoing causing injury, or the violation of a legal obligation, which entitles them to relief. GRPC Rule 8(a) (2011); and 7 GCA §§ 1114, and 1108-10 (2011). Defendant's Counterclaim, Count II for Restitution does not contain a separate allegation of injury, misconduct, wrongdoing, or violation of a right or obligation on the part of the Defendant.

Defendant then attempts to rescue Count II by arguing that they are seeking restitution under an alternative theory of unjust enrichment. GHDI's Opp'n to CW Holdings LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 3-4 (Nov. 20, 2023) (arguing that "Unjust enrichment claims are permitted in Guam in quasi-contract cases" and that Defendant may make separate claims regardless of consistency). However, Plaintiff points out that while

Defendant can generally plead "inconsistent [counter]claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement," Defendant is "precluded from asserting a quasi-contract [counter]claim under unjust enrichment" where, as here, Defendant's "breach of contract [counter]claim pleaded the existence of an enforceable agreement and their unjust enrichment [counter]claim did not deny the existence of enforceability of that agreement." Pl.'s Reply in Supp. of Mot. to Dismiss & Strike Affirmative Defs.at 2 (Dec. 7, 2023) citing *Gian Camille P v. Jackielyn L,* No. CV0132-20, 2020 Guam Trial Order LEXIS 106, at *12 (Super. Ct. Oct. 27, 2020) (citing *Klein v. Chevron U.S.A., Inc.,* 202 Cal. App. 4th 1342, 1388 (2012)).

Defendant's counterclaim argues that "[Defendant] made payments or rent under the Lease to [Plaintiff], including but not limited to the Prepaid Rent… [Plaintiff] has been unjustly enriched by [Defendant's] payments which [Plaintiff] failed to use to complete the Tenant Upgrades and Landlord's Work." Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 72, 75 (Aug. 30, 2023). Thus, Defendant's restitution claim seeks to recover amounts paid under the written Lease rather than disavowing the Lease, and Defendant is precluded because their "breach of contract [counter]claim pleaded the existence of an enforceable agreement, and their unjust enrichment [counter]claim did not deny the existence of enforceability of that agreement." *See Gian Camille P v. Jackielyn L,* No. CV0132-20, 2020 Guam Trial Order LEXIS 106, at *12 (Super. Ct. Oct. 27, 2020) (citing *Klein v. Chevron U.S.A., Inc.,* 202 Cal. App. 4th 1342, 1388 (2012)). Therefore, Defendant's Counterclaim (Count II) should be dismissed.

### ii. Recovery of Attorney's Fees and Costs (Count IV) Is Also a Remedy, Not a Claim.

In their Motion to Dismiss, Plaintiff argues that Defendant's counterclaim for Attorney's Fees – like their counterclaim for Restitution – is not a claim at all, but a remedy. Pl.'s Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 8 (Oct. 17, 2023). Defendant bases their counterclaim for Attorney's Fees and Costs (Count IV) on attorney 's fees revisions in the Lease and a separate promissory note. Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 82-85; Compl. Ex. A at 28.15 (Aug. 30, 2023) ("If either party commences an action to enforce the terms of, or resolve a dispute concerning, this Lease, the prevailing party in such action shall be entitled to recover all costs and expenses incurred by such Party in connection there with, including reasonable attorneys' fees."). However, in order to maintain a cause of action, Defendant must specifically allege that there has been a violation of a right, misconduct or wrongdoing causing injury, or the violation of a legal obligation, which entitles them to relief. GRPC Rule 8(a) (2011); and 7 GCA §§ 1114, and 1108-10 (2011).

Defendant's Counterclaim, Count IV, for Attorney's Fees does not contain a separate allegation of injury, misconduct, wrongdoing, or violation of a right or obligation on the part of the Defendant, which complies with GRPC Rule 8(a) (2011); and 7 GCA §§ 1114, and 1108-10 (2011). Under Guam law, the allegation of injury or wrongdoing that accompanies attorney's fees is typically a breach of contract claim, and the attorney's fees are merely a remedy that attaches to the claim. *See, e.g., Moil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 at 43 (Guam recognizes an exception to the American Rule where recovery of litigant's attorney's fees is allowed by contract). Therefore, Defendant's Counterclaim (Count IV) is not a claim, but a remedy, and should be dismissed.

### iii. Accounting (Count III) Cannot Be Plead in the Alternative if Defendant Does Not Establish That There is No Adequate Remedy at Law

In their counterclaim, Defendant alleges that they are "entitled to an accounting of amounts [Plaintiff] received from [Defendant] under the lease and how those payments were allocated and utilized by CWH." Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 77, 80 (Aug. 30, 2023). Plaintiff argues that "Courts have regularly rejected standalone accounting claims, characterizing accounts as a remedy, not an independent cause of action." Pl.'s Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 9 (Oct. 17, 2023) citing *Amina v. WMC Fin. Co.*, 329 F. Supp. 3d 1141, 1158 (D. Haw. 2018). Plaintiff further contends that a necessary prerequisite for a court to award equitable remedies is "the absence of adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 48, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *accord Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 105, 65 S.Ct. 1464, 9 L.Ed. 2079 (1945).

In their Opposition, Defendant argues that Accounting is, in fact, and independent cause of action in equity, and can be maintained when "(1) a relationship exists between a plaintiff and defendant that requires an accounting, and (2) some balance is due to the plaintiff that can only be ascertained by an accounting." GHDI's Opp'n to CW Holdings LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 5 (Nov. 20, 2023) citing *Kenney v. Sullivan*, No. VC066972, 2018 WL 11214878, at 2 (Cal. Super. Nov. 05, 2018) and *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179-80, 92 Cal. Rptr. 3d 696, 715-17 (Cal. App. 3d Dist. 2009). Further, Defendant contends that an "accounting claim may be pleaded in the alternative and should not be dismissed at the pleading stage." GHDI's Opp'n to CW Holdings LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 7-8 (Nov. 20, 2023) citing *Wells Fargo Bank, Natl. Assn. v. Leafs Hockey Club, Inc.*, 13 C2247, 2014 WL 3855318, at *3-4 (N.D. Ill. July 31, 2014).

Plaintiff replies, however, that the court in *Wells Fargo* "allowed the accounting cause of action to survive because viewing the allegations in that complaint, the Court found that it 'alleged lack of a legal remedy,' and that it alleged 'existence of mutual accounts that are complex due to the segregated accounts.'" Pl.'s Reply in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 5 (Dec. 7, 2023) citing *Wells Fargo Bank, Natl. Assn. v. Leafs Hockey Club, Inc.,* 13 C2247, 2014 WL 3855318, at 4 (N.D. Ill. July 31, 2014). Thus, Plaintiff argues that "regardless of whether [Defendant] properly alleged its accounting action in the alternative, it may be dismissed anyway as [Defendant] failed to plead that there is no adequate remedy at law." *Id.*

It is correct that Defendant failed to plead, in their claim for accounting, that there is no adequate remedy at law. Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 23 (Sept. 28, 2023) ("[Defendant] is entitled to an accounting of amounts [Plaintiff] received from [Defendant] under the Lase and how those payments were allocated and utilized by [Plaintiff]."). This Court agrees with California Courts that such a claim for equitable relief, pleaded in the alternative under Fed. R. Civ. P. 8 "may be dismissed if the [pleader] does not establish that there is no adequate remedy at law." *See, Goldstein v. Gen. Motors LLC,* No. 19-cv-1778, 2022 WL 484995, at *6 (S.D. Cal. Feb. 16, 2022) citing *Sonner v. Premier Nut. Corp.,* 971 F.3d 834 (9th Cir. 2020). In the case before us, a potential adequate remedy at law exists via the breach of contract claim, because if Defendant prevails in that claim they will be entitled to damages. Defendant is correct that theoretically "equitable accounting allegations are not inconsistent with its breach of contract claim," but Defendant must properly plead for equitable relief by pleading that "there is no adequate remedy at law." *See Wells Fargo Bank, Natl. Assn. v. Leafs Hockey Club, Inc.,* 13 C2247, 2014 WL 3855318, at 4 (N.D. Ill.

July 31, 2014). Therefore, Defendant's Counterclaim (Count III) fails to state a claim upon which relief can be granted and should be dismissed.

### B. Should the Court Strike Nine of Defendant's Affirmative Defenses?

The Court answers this question in the affirmative. An affirmative defense is a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). Affirmative defenses need not be pleaded in specific terms. *See M Electric Corp. v. Phil-Gets (Guam) International Trading Corp.*, 2016 Guam 35. In determining whether general, non-specific language in a defendant's answer suffices to preserve an affirmative defense, "an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose—to act as a safeguard against surprise and unfair prejudice—has been vindicated." *Id*. Finally, the Guam Supreme Court has held that the standard in *Conley* is applicable to pleading requirements on Guam. *See Ukau v. Fusheng Wang*, 2016 Guam 18 at 32. Under the *Conley* standard, Guam Courts have held that "conclusory allegations of law" are insufficient to support a pleading. *Lujan v. J.L.H. Tr.*, 2016 Guam 24 at 10. Thus, an Affirmative Defense should be stricken if it merely makes a conclusory allegation of law.

#### i. Defendant's Third Defense (Failure to Mitigate Damages) Should Be Stricken.

Defendant's Third Affirmative Defense states, in its entirety: "To the extent the Court finds that [Plaintiff] is entitled to any recovery, such recovery must be reduced because of [Plaintiff's]

failure to mitigate its damages in an amount to be proven at trial." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's third Affirmative Defense should be stricken.

### ii. Defendant's Fourth Defense (Unjust Enrichment) Should Be Stricken.

Defendant's Fourth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, because allowing [Plaintiff] to recover would result in unjust enrichment." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Fourth Affirmative Defense should be stricken.

### iii. Defendant's Fifth Defense (Waiver) Should Be Stricken.

Defendant's Fifth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, by the doctrine of waiver." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true."

*See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense*, *Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Fifth Affirmative Defense should be stricken.

### iv.  Defendant's Sixth Defense (Estoppel) Should Be Stricken.

Defendant's Sixth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, by the doctrine of estoppel (promissory and equitable estoppel)." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Sixth Affirmative Defense should be stricken.

### v.  Defendant's Eighth Defense (Laches) Should Be Stricken.

Defendant's Eighth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, by the doctrine of laches." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Eighth Affirmative Defense should be stricken.

### vi.  Defendant's Ninth Defense (Lack/Failure of Consideration) Should Be Stricken.

Defendant's Ninth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, due to lack of and/or failure of consideration." Guam Healthcare Dev.,

Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's… claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Ninth Affirmative Defense should be stricken.

### vii. Defendant's Tenth Defense (Failure of Condition Precedent) Should Be Stricken.

Defendant's Tenth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, due to failure of condition precedent." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's… claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Tenth Affirmative Defense should be stricken.

### viii. Defendant's Eleventh Defense (Payment, Set-Off/Off-Set) Should Be Stricken.

Defendant's Eleventh Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, due to payment, set-off/off-set." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's… claim, even if all the allegations in the complaint are true."

*See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Eleventh Affirmative Defense should be stricken.

### ix. Tenant's Twelfth Defense (Statute of Frauds) Should Be Stricken.

Defendant's Twelfth Affirmative Defense states that the "Complaint and each claim are barred, in whole or in part, due to the statute of frauds." Guam Healthcare Dev., Inc.'s Answer to Compl. for Breach of K, Anticip. Repudiation, Quantum Meruit & Account Stated at 7 (Sept. 28, 2023). This is also a "conclusionary allegation of law" and does not assert "facts and arguments that, if true, will defeat the plaintiff's... claim, even if all the allegations in the complaint are true." *See* Lujan *v. J.L.H. Tr.*, 2016 Guam 24 at 10 and *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014). Therefore, Defendant's Twelfth Affirmative Defense should be stricken.

### C. Should the Defendant Be Given Leave to Amend Their Pleading?

The Court answers this question in the affirmative. Guam Rules of Civil Procedure 15 "allows for amendment to pleadings 'by leave of court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires." *M Elec. Corp.*, 2016 Guam 35 at 40. "Guam Rule of Civil Procedure 15(a) - concerning amended and supplemental pleadings- was derived from its federal 6 counterpart." *Bautista v. Tories*, 2017 Guam 171128 (quoting *M Elec. Corp.*, 2016 Guam 35 at 40). "Therefore, federal interpretation of FRCP 15 is persuasive when interpreting our own GRCP 15." *M Elec. Corp.*, 2016 Guam 35 at 40. The Supreme Court of Guam has held that a motion to amend should be denied when the movant acts in bad faith, when there would be undue prejudice to the opposing party should the amendment be granted, or the proposed amendment is futile. *See Arashi & Co. v. Nakashima Ents. Inc.*, 2005 Guam 21, at 16.

Defendant requests that "if the Court finds that any of [Defendant's] affirmative defenses, or any portion of its counterclaim are not properly pleaded, [Defendant] is able and prepared to amend its pleading to correct such shortcomings and the Court should allow [Defendant] to make such an amendment instead of imposing the drastic sanction of dismissal sought by [Plaintiff]." GHDI's Opp'n to CW Holdings LLC's Mot. & Mem. in Supp. of Mot. to Dismiss & Strike Affirmative Defs. at 15-16 (Nov. 20, 2023). The Court does not detect any bad faith or dilatory motive on the part of Defendant; however, the Court thinks it would be futile to claim Count IV, Attorney's Fees in the amendment. Thus, Defendant's request for amendment should be granted in part, excluding the claim for Attorney's Fees (Count IV).

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the Plaintiff's Motion to Dismiss, **GRANTS** Plaintiff's Motion to Strike, and **GRANTS IN PART** Plaintiff's Request to Amend.

**SO ORDERED,** this ___/2___ day of ___August___ 2024.

HON. JOHN C. TERLAJE
Judge, Superior Court of Guam